IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **MICHAEL RAY WATKINS, #2420686** § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. 4:23cv212 |
| § | | |
| **WANDA ALLEN, ET AL.** § | | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Michael Ray Watkins filed the above-styled and numbered complaint pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

On June 9, 2023, the Court ordered Plaintiff to supply the United States Clerk's Office, within fourteen days from the receipt of the Order, with (1) the name(s) or specific position(s) and corresponding shift(s) for Defendant "Dr. FNU LNU" and (2) the proper name of Defendant "Hopkins County Sheriff" so that service can be made. (Dkt. #14). The Court cautioned Plaintiff that failure to comply may result in dismissal of Defendant "Dr. FNU LNU" and Defendant "Hopkins County Sheriff" from this action. The record shows that Plaintiff acknowledged receipt of the Order on June 14, 2023. (Dkt. #15). As of this date, Plaintiff has failed to comply with the Court's Order; thus, he has failed to prosecute his case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for

1

want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In the present case, Plaintiff has failed to comply with the Court's Order (Dkt. #14). Therefore, the claims against Defendant "Dr. FNU LNU" and Defendant "Hopkins County Sheriff" should be dismissed without prejudice for failure to prosecute.

## RECOMMENDATION

It is therefore recommended Plaintiff's claims and lawsuit against Defendant "Dr. FNU LNU" and Defendant "Hopkins County Sheriff" be dismissed without prejudice. Fed. R. Civ. P. 41(b).

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 10th day of July, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE